**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZORM 2009, LLC,**<br>**Plaintiff**<br><br>**v.**<br><br>**JONATHAN GREENWALD and**<br>**ROBERT MAYNARD,**<br>**Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **No. 3:15cv67**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are Defendants Jonathan Greenwald and Robert Maynard's (hereinafter "defendants") Motions to Strike and/or Open Plaintiff Zorm 2009, LLC's (hereinafter "plaintiff") Confession of Judgment. (Docs. 8, 12). The motions are fully briefed and ripe for disposition.

**Background**

Plaintiff Zorm 2009 is a limited liability company with Oritani Bank as its sole member. (Doc. 1, Compl. ¶ 1). The instant case arises from an April 28, 2008 commercial property loan from Oritani to defendants. (Id. ¶ 6). In 2008, Defendants Greenwald and Maynard partnered to form HACAG, LLC (hereinafter "HACAG"), to purchase real estate located at 22 Faith Drive, Hazleton, PA. (Id. ¶¶ 6-7). On April 28, 2008, Oritani Bank loaned HACAG $1.92 million dollars to purchase the property. The loan

was to be secured by a mortgage note in that amount. (Id. ¶ 7). Defendants then presented a guaranty to Oritani, under which defendants became "the unlimited and unconditional sureties" for all liabilities, debts, and obligations of HACAG. (Id. ¶ 8).

On November 1, 2012, December 1, 2012, and January 1, 2013, HACAG failed to make interest and principal payments, thereby defaulting under the terms of the note and mortgage. (Id. ¶ 9). After this default, Oritani Bank and plaintiff entered into a Settlement Agreement with HACAG and defendants effective November 18, 2013. (Id. ¶ 11).

The Settlement Agreement entitles plaintiff to seek damages against defendants, including by a confession of judgment, for any amount owed on the loan twelve (12) months after the effective date of the agreement. (Id. ¶ 12). The agreement also allows plaintiff to recover its legal fees and all operating costs pertaining to the property. (Id. ¶ 22). Finally, the agreement stipulates that the HACAG note, mortgage, and guaranty are transferred from Oritani Bank to plaintiff. (Id. ¶¶ 13-15).

On January 9, 2015, plaintiff filed a complaint for confession of judgment against Defendants Greenwald and Maynard. (Id.) On January 12, the court entered judgment against Greenwald and Maynard for

$958,539.64, in addition to continuing interest at $500.81 per day, as well as attorneys' fees, costs, and 10% interest pursuant to paragraph 22 of the Settlement Agreement. (Doc. 3). According to plaintiff, the property's value is $1.749 million, which plaintiff has applied as a credit against the damages it seeks from defendants.[1]

On February 19, 2015, Defendant Greenwald filed a motion to strike the judgment, or in the alternative, open the judgment. (Doc. 8). On March 10, 2015, Defendant Maynard also filed a motion to strike and/or open judgment. (Doc. 12). The parties briefed the issues, bringing the case to its present posture.

---

[1] Plaintiff breaks down the value of the judgment as follows:

| | |
|---|---|
| Principal | $1,802,918.79 |
| Late fees | $ 16,669.56 |
| Interest through 12/30/2014 (10%) | $ 410,664.20 |
| Prepayment fee (3%) | $ 54,087.56 |
| Other Fees | $ 85,758.02 |
| Escrow | $ 5,796.51 |
| Operating Costs | $ 331,645.00 |
| Subtotal: | $2,707,539.64 |
| | |
| Less credit for property value | $1,749,000.00 |
| Total: | $ 958,539.64 |

(Doc. 1, Compl. ¶¶ 17, 19).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. (Doc. 1, Compl. ¶ 4). Plaintiff is a New Jersey limited liability corporation with Oritani Bank, a New Jersey charted bank, as its sole member. (Id. ¶ 1). Defendant Greenwald is a citizen of Florida. (Id. ¶ 2). Defendant Maynard is a New York citizen. (Id. ¶ 3). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 4). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]") As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants Greenwald and Maynard move to open or strike Plaintiff Zorm 2009, LLC's confession of judgment. "Judgment by confession is an

unusual creation of Pennsylvania law and has been the subject of much federal court criticism." Mobile Transp. Techs., Inc. v. S.I. ScooterWorks LLC, 176 F. Supp. 2d 340, 341 (E.D. Pa. 2001). The Third Circuit Court of Appeals has noted that:

> Judgment by confession is a product of state law, having no analog in the federal rules. In Pennsylvania, the state's Rules of Civil Procedure prescribe the procedures and filing prerequisites for obtaining confessed judgments and, in effect, affirm the validity of contractual waivers of prejudgment procedures in Pennsylvania. Pennsylvania's rules of procedure also prescribe how a confessed judgment may be successfully attacked. By motion to open the judgment, a defendant may assert defenses going to the merits of the alleged default. If the defendant presents evidence in support of a meritorious defense sufficient to create a triable issue of fact, the judgment will be opened. Execution on the judgment will then be stayed until the court can resolve the disputed claims, but the judgment remains in effect as a judicial lien.
>
> A motion to strike, on the other hand, tests the sufficiency of the record upon which the confessed judgment was entered. The court takes all the plaintiff's allegations as true and will grant the motion only to remedy a "fatal defect or irregularity appear[ing] on the face of the record or judgment."
>
> * * *
>
> A petition to strike and a petition to open are two forms of relief with separate remedies; each is intended to relieve a different type of defect in the confession of judgment proceedings. A petition to strike off the judgment reaches defects apparent on the face of the record, while a petition to open the judgment offers to show that the defendant can prove a defense to all or part of the plaintiff's claim.

F.D.I.C. v. Deglau, 207 F.3d 153, 159, 167 (3d Cir. 2000) (citations omitted).

Thus, while Rule 60 of the Federal Rules of Civil Procedure governs the procedural aspects of a request to open or strike a confession of judgment, Pennsylvania law governs the substantive issues regarding whether to open or strike the judgment. Id. at 161, 166; Mobile Transp. Techs., 176 F. Supp. 2d at 341. Furthermore, as noted above, a motion to open and a motion to strike are two distinct forms of relief and require two separate avenues of analysis.

**Discussion**

Plaintiff argues its Confession of Judgment is proper because defendants defaulted on the November 18, 2013 Settlement Agreement, which contains a Confession of Judgment clause. Defendants move to strike and/or open the Confession of Judgment, contending plaintiff failed to obtain an appraisal of the property pursuant to paragraph 11 of the Settlement Agreement and plaintiff included excessive fees for "operating expenses" and "other costs" that are not permitted in the mortgage note or

guaranty.[2] Because a motion to strike and a motion to open are two

---

[2] Paragraph 11 states:

11. Commencement of Action on HACAG Guaranty. Oritani shall not commence any action on the HACAG Guaranty, including confessing judgment, for any amounts owing on the First HACAG Loan until the earlier to occur of: (i) sixty (60) days following a sale of the HACAG Property to an arms' length third party or (ii) twelve (12) months after the Effective Date of this Agreement. It shall not be a defense to the commencement of any such action that the HACAG Property has not yet been sold to a third party; provided, however, in the event that the HACAG Property is not sold within twelve months of the Effective Date of the Agreement for an amount sufficient to pay in full the First HACAG Loan Obligations, the Guarantors shall be entitled to a credit for the fair market value, as of the Effective Date, of the HACAG Property. Within 30 days of the Effective Date, the Parties shall mutually designate an agreed upon single appraiser who shall perform a valuation of the HACAG Property as of the Effective Date, based on the highest and best use of the HACAG Property (the "HACAG Appraisal"). The HACAG Appraisal shall be binding evidence of the value of the HACAG Property; provided, however, that if the HACAG Appraisal determines that the value of the HACAG Property is less than $1,900,000, then HACAG and the Guarantors shall have the right to argue that the fair market value of the HACAG Property is no less, but not more, than $1,900,000.00 and to introduce evidence of such value in any action on the HACAG Guaranty. If the HACAG Property is sold to an arms' length third party for an amount in excess of the fair market value determined by the HACAG Appraisal, whether prior to or after the commencement of any action on the HACAG Guaranty, HACAG and the Guarantors shall be entitled to a credit based on the net proceeds of sale of the HACAG Property. Oritani and/or Zorm 2009 shall be responsible to pay for the cost of the HACAG Appraisal; provided, however, the cost of the appraisal shall be charged as a reimbursable cost and shall become part

distinct forms of relief, the court will address them separately.

**I. Motion to Strike the Judgment**

Defendants first move to strike plaintiff's Confession of Judgment. Under Pennsylvania law, a court should grant a motion to strike only if a "fatal defect or irregularity appears on the face of the judgment, and the defect is alleged in the motion to strike." Deglau, 207 F.3d at 167 (citing Manor Bldg. Corp. v. Manor Complex Assoc., 645 A.2d 843, 846 (Pa. Super. Ct. 1994)). Motions to strike limit the court's review to only the record "as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses." Resolution Trust Corp. v. Copley Qu-Wayne Assocs., 683 A.2d 269, 273 (Pa. 1996). Matters not on the record filed by that party will not be considered, and the facts averred in the complaint must be taken as true. Id. If "the truth of the factual averments" within the record are disputed, then the proper remedy is to open the judgment and not to strike. Id. Factual disputes cannot be addressed in a petition to strike, as such disputes force the court to rely on matters outside of the record to assess

---

of the HACAG Loan Obligations once paid by Oritani/Zorm 2009.

(Doc. 1-6, Settlement Agreement ¶ 11).

the merits of the petition. Financial Acceptance Corp. v. Lopez, 78 A.3d 614, 623 (Pa. Super. Ct. 2013) (citing Resolution, 683 A.2d at 275).

Defendants argue plaintiff's Confession of Judgment should be stricken on two grounds. First, plaintiff's failure to obtain an appraisal pursuant to paragraph 11 of the Settlement Agreement breached the Settlement Agreement. Second, the mortgage note, mortgage, and guaranty do not authorize plaintiff to collect judgment on $331,645 in "operating costs" and $85.758.02 in "other fees." After careful consideration, we find that defendants have not satisfied their burden to strike the judgment.

In the instant matter, the parties' inability to agree upon an appraiser and plaintiff's own failure to provide defendants with an appraisal of the property is not sufficient to strike the judgment because it does not stem from a "fatal defect or irregularity" appearing on the face of the judgment. Deglau, 207 F.3d at 167 (citation omitted). Furthermore, the Settlement Agreement and warrant of attorney allow plaintiff to recover its legal fees and all operating costs. (Doc. 1, Compl. ¶ 22). Viewing the facts averred in the complaint as true, the court will deny defendants' motions to strike plaintiff's confession of judgment.

**II. Motion to Open the Judgment**

Defendants next move to open the Confession of Judgment. Under Pennsylvania law, a successful motion to open the judgment requires a party to "show that the defendant can prove a defense to all or part of the plaintiff's claim." Leaman v. Wolfe, 31 F. Supp. 3d 687, 693-94 (E.D. Pa. 2014) (quoting Deglau, 207 F.3d at 167). The petitioner's evidence must be that "which in a jury trial would require that the issues be submitted to the jury." Id. at 694 (citing Germantown Sav. Bank v. Talacki, 657 A.2d 1285, 1288-89 (Pa. Super. Ct. 1995)). Relief must be limited only to those circumstances where a moving party "(1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury."[3] Id. (quoting First Seneca Bank Trust v. Laurel Mountain Dev. Corp., 485 A.2d 1086, 1088 (Pa. 1984)). "A petitioner may not rest on mere assertions, but must offer 'clear, direct, precise, and believable evidence of [the] meritorious defense.'" Id. (quoting Deglau, 207 F.3d at 168).

Moreover, in determining whether "sufficient evidence" exists to grant a motion to open, the court adopts the standard of a directed verdict,

[3] The parties do not dispute whether defendants acted promptly to open the confession of judgment.

viewing "the evidence in the light most favorable to the petitioner . . . accepting as true all evidence and proper inferences from it which support the defense while rejecting adverse allegations of the party obtaining the judgment." Germantown Mfg. Co. v. Rawlinson, 491 A.2d 138, 140 (Pa. Super. Ct. 1985).

Defendants seek to establish a defense to all or part of plaintiff's claim. Specifically, defendants argue the Settlement Agreement's plain meaning requires the parties to agree upon an appraiser to value the property prior to commencing a Confession of Judgment action. Defendants also contend plaintiff violated the Settlement Agreement regarding defendants' attempts to sell the property. Plaintiff asserts that the judgment should not be opened for the same reason it should not be stricken; namely, the Settlement Agreement did not require the parties to agree on an appraiser to value the property. After careful review, the court agrees with defendants.

Under Pennsylvania law, courts must apply the "'plain meaning rule' of contract interpretation, which assumes that the intent of the contracting parties is embodied in the contract itself, and when the words of the contract are clear and unambiguous the intent is to be discovered only

from the language in the contract." Donau Furnier, GmbH v. M&T Veneer Corp., 715 F. Supp. 2d 604, 608 (M.D. Pa. 2010) (citing Samuel Rappaport Family P'ship v. Meridian Bank, 657 A.2d 17, 21 (Pa. Super. Ct. 1995)).

In the instant matter, plaintiff presents a listing agreement valuing the property at $1,749,000.00. (Doc. 1-7, Listing Agreement). The Settlement Agreement, however, sets forth only one method of valuing the property: an appraisal. Specifically, paragraph 11 states that within thirty (30) days of the effective date, the parties were to **mutually agree upon a single appraiser** whose valuation of the property based on the highest and best use would be binding evidence of the property's fair market value.[4] (Doc. 1-6, Settlement Agreement ¶ 11). The Settlement Agreement's plain meaning does not allow a comparative market analysis or listing agreement to establish the property's value. Rather, the Settlement Agreement only speaks to an agreed-upon appraisal.

Additionally, defendants present evidence that tends to prove plaintiff failed to meet its obligations under the Settlement Agreement regarding

[4] If the appraisal assessed the property's value at less than $1,900,000, defendants can present evidence that the fair market value was $1,900,000. (Doc. 1-6, Settlement Agreement ¶ 11). If the property is sold for an amount greater than the appraisal, defendants are entitled to a credit based on the net revenue from the property's sale. (Id.)

selling the property. (Doc. 22-1, Greenwald Aff. Ex. A.). Defendant Greenwald asserts that on June 25, 2013, he identified a professional investor who offered plaintiff $1.8 million to acquire the property. (Id. ¶ 2). Plaintiff's employee acknowledged this offer to Defendant Greenwald, and hired an appraiser to value the property. (Id. ¶¶ 4-5). Greenwald alleges that the bank either rejected or ignored the $1.8 million offer and never provided him with the appraisal. (Id. ¶ 6). On August 22, 2013, the same investor made a subsequent $1.9 million offer, which Greenwald claims would have made the Bank substantially whole on its first HACAG mortgage; however, Greenwald avers that the Bank either rejected or ignored this offer. (Id. ¶¶ 8-10).

Viewing the evidence in the light most favorable to defendants, we find that the evidence is sufficient to constitute a meritorious defense and proceed to a jury. Accordingly, we will grant defendants' motion to open the confessed judgment.

**Conclusion**

For the reasons stated above, the court will deny defendants' motions to strike the judgment. The court, however, will grant defendants'

motions to open the judgment.[5] An appropriate order follows.

**Date: 08/04/2015**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

[5] Because orders to open the judgment leave the parties as though no judgment was entered at all, the parties are free to present any arguments in a dispositive motion that can be supported with evidence. Dunn v. Orloff, 218 A.2d 314, 320 (Pa. 1966) (citing Poelcher v. Zink, 101 A.2d 628, 629 (Pa. 1954)).